IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KATHERINE E. CAPPELLARI**
a/k/a **KAYDE CAPPELLARI,**

    **Plaintiff,**

v.

**BRUCE SPARKS,**
Director of Technology Transfer;
**WEST VIRGINIA UNIVERSITY**
**RESEARCH CORPORATION; and**
**WEST VIRGINIA UNIVERSITY;**

    **Defendants.**

ELECTRONICALLY FILED
Aug 20 2020
U.S. DISTRICT COURT
Northern District of WV

Case No.: 1:20-CV-209 (Kleeh/Aloi)

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, the Defendants Bruce Sparks, West Virginia University Research Corporation (WVURC), and West Virginia University (WVU) (collectively, Defendants) hereby jointly remove this civil action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia. As grounds for removal, the Defendants state as follows:

        **I.**      **NATURE OF REMOVED ACTION**

1.    The removed case is a civil action filed on July 28, 2020, in the Circuit Court of Monongalia County, West Virginia, assigned Civil Action No. 20-C-212 and captioned as *Katherine E. Cappellari a/k/a Kayde Cappellari v. Bruce Sparks, Director of Technology Transfer; West Virginia University Research Corporation; and West Virginia University.* In accordance with 28 U.S.C. §§ 1446(a), a certified copy of the state court file is attached hereto as "**Exhibit A**."

12108675.1

## II.   TIMELINESS OF REMOVAL

2. Pursuant to 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The general rule is that the time for counting the days for filing notice of removal starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear. *Elliot v. American States Ins. Co.*, 883 F.3d 384 (4th Cir. 2018). Service on a statutory agent is not service on the defendant that triggers the timeline for filing notice of removal. *Id.* at 391-394.

3. Here, service was effectuated upon WVU on July 30, 2020 via certified mail. Service was effectuated upon WVURC on July 30, 2020 via certified mail. Service was effectuated upon Bruce Sparks on July 30, 2020 via certified mail.

4. Thus, notice of removal is timely.

## III.   VENUE

5. Venue for this removal action is proper pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of Monongalia County is located within the Northern District of West Virginia, Clarksburg Division.

## IV.   BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

6. In Count Three of her Complaint, Plaintiff advances a claim for "Title IX Violations." [*See* Ex. A, *Compl.* ¶¶ 45-48]. Specifically, Plaintiff alleges she experienced "sexism, disparate treatment and unequal pay" in violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681, *et seq.,* and 34 C.F.R. part 106. [*Id.* at ¶ 46].

7. In Count Four of her Complaint, Plaintiff advances a claim that she characterizes as "Title IX and EEOC/Affirmative Action Violations." [*See* Ex. A, *Compl*. ¶¶ 49-52]. Plaintiff alleges that WVURC and WVU failed in their alleged "duty as an Equal Opportunity and Affirmative Action Employer and under Title IX." *Id.* at ¶ 50.

8. Pursuant to 28 U.S.C. § 1331, which provides that, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," this Court has original jurisdiction over Plaintiff's claims in Counts Three and Four. Indeed, federal jurisdiction exists where, as here, a federal question is presented "on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

9. Since Plaintiff's claims in Counts Three and Four of her Complaint arise expressly under federal law, *i.e.*, Title IX, this Court has original jurisdiction over such claims.

V. **SUPPLEMENTAL JURISDICTION**

10. In Count One of her Complaint, the Plaintiff advances a claim for hostile work environment on the basis of sex in violation of the West Virginia Human Rights Act (WVHRA), W.Va. Code § 5-11-1, *et seq*. [*See* Ex. A, *Compl*. ¶¶ 37-40].

11. In Count Two of her Complaint, the Plaintiff advances a claim that she describes as "hostile work environment – failure to protect" under the WVHRA.

12. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over the Plaintiff's WVHRA claims because such claims are closely related to her claims in Counts Three and Four over which the Court has original jurisdiction. Indeed, Plaintiff's claims in all four of her counts concern alleged treatment she claims to have experienced during the course of her employment; thus, such claims form part of the same case or controversy.

13. 28 U.S.C. § 1367(c) provides that a district court may decline to exercise supplemental jurisdiction over the state law claim only if: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

14. Here, the Plaintiff's claims under the WVHRA are premised upon the exact same operative factual allegations that form the basis of her predominate claims under Title IX. Further, her WVHRA claims do not present a complex or novel issue of state law as it is well established that West Virginia federal courts should resolve WVHRA claims consistent with the Title VII framework. *Gilbert v. Penn-Wheeling Closure Corp.*, 917 F. Supp. 1119 (N.D.W. Va. 1996).

15. Therefore, this Court has supplemental jurisdiction over Plaintiff's claims arising under the WVHRA.

### IX. OTHER REMOVAL REQUIREMENTS

16. In compliance with 28 U.S.C. § 1446(b)(2)(A), all Defendants join in the removal of this action.

17. In compliance with 28 U.S.C. § 1446(d), notice of filing this notice of removal is being filed with the Circuit Court of Monongalia County, West Virginia, and served upon all adverse parties. A copy of such notice is attached hereto as "**Exhibit B**."

WHEREFORE, Defendants Bruce Sparks, West Virginia University Research Corporation, and West Virginia University hereby jointly remove this action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia.

/s/ Julie A. Moore
Julie A. Moore (WV Bar No. 11315)
Pamela J. Ferrell (WV Bar No. 12506)
Bowles Rice LLP
125 Granville Square, Suite 400
Morgantown, WV 26505
304-285-2524
304 285-2575 fax
jamoore@bowlesrice.com
pferrell@bowlesrice.com
*Counsel for Defendants Bruce Sparks, West Virginia University Research Corporation, and West Virginia University*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KATHERINE E. CAPPELLARI
a/k/a KAYDE CAPPELLARI,

        Plaintiff,

   v.                                      Case No.: 1:20-CV-209 (Kleeh/Aloi)

BRUCE SPARKS,
Director of Technology Transfer;
WEST VIRGINIA UNIVERSITY
RESEARCH CORPORATION; and
WEST VIRGINIA UNIVERSITY;

        Defendants.

### CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2020, I electronically filed the foregoing ***"Notice of Removal"*** with the Clerk of the Court using the CM/ECF system. In addition, I have mailed complete copies of these filings to the *pro se* Plaintiff via First Class U.S. Mail as follows:

        Katherine E. Cappellari
        817 Myrtle Road
        Charleston, WV 25314

        /s/ Julie A. Moore
        Julie A. Moore (WV Bar No. 11315)
        Pamela J. Ferrell (WV Bar No. 12506)
        Bowles Rice LLP
        125 Granville Square, Suite 400
        Morgantown, WV 26505
        304-285-2524
        304 285-2575 fax
        jamoore@bowlesrice.com
        pferrell@bowlesrice.com
        *Counsel for Defendants Bruce Sparks, West Virginia University Research Corporation, and West Virginia University*