CASE#: **20-C-212**

Sub Code:

Date Opened: 07/28/2020
Date Printed: 08/20/2020

JUDGE: PHILLIP D. GAUJOT

|  | Plaintiff: | **KATHERINE E. CAPPELLARI** |
|---|---|---|
| vs | Defendant: | **BRUCE P. SPARKS** |

Pro Attorney: KATHERINE CAPPELLARI

Def Attorney:

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|---|---|---|---|---|---|---|
| 1 | 07/28/2020 | Complaint Filed | | | | |
| 2 | 07/28/2020 | Additional Clerk/filing fee | | | | |
| 3 | 07/28/2020 | Process issued by CM | | | | |
| 4 | 08/04/2020 | Process rcvd by Steve Lamar by CM on 7/30/20 for Rob Alsop, WVU | | | | |
| 5 | 08/04/2020 | Research Corp, Bruce Sparks Director of Technology Transfer and | | | | |
| 6 | 08/04/2020 | Stephanie Taylor, WVU | | | | |

**EXHIBIT A**

# CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES
### IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KATHERINE E. CAPPELLARI
a/k/a KAYDE CAPPELLARI,

Plaintiff,

v.

Civil Action No: 20-C-212

Judge: PDG

BRUCE P. SPARKS,
Director of Technology Transfer;
WEST VIRGINIA UNIVERSITY
RESEARCH CORPORATION; and
WEST VIRGINIA UNIVERSITY;

Defendants.

Defendants:

| | Days to Answer | Type of Service |
|---|---|---|
| West Virginia University; 886 Chestnut Ridge Road, PO Box 6845 Mgtn WV 26506-6845 | 30 | Service by Monongalia County Circuit Clerk (CU) |
| West Virginia University Research Corporation: c/o Rob Alsop, Executive Director 886 Chestnut Ridge Rd, PO Box 6845 and Morgantown WV 26506-6845 | 30 | Service by Monongalia County Circuit Clerk (CU) |
| West Virginia University Research Corporation c/o Bruce Sparks, Director 886 Chestnut Ridge Rd PO Box 6845 Mgtn WV 26506-6845 | 30 | Service by Monongalia County Circuit Clerk (CU) |

Original and 4 copies of complaint furnished herewith.

| PLAINTIFF: DEFENDANTS: | Katherine (Kayde) Cappellari, JD, MS West Virginia University; West Virginia University Research Corporation; Bruce Sparks, Director of Technology Transfer | CASE NUMBER: _____ |
|---|---|---|

II.    TYPE OF CASE:

FILED

JUL 2 8 2020

| TORTS | OTHER CIVIL | |
|---|---|---|
| □ Asbestos | □ Adoption | □ Appeal from Magistrate Court |
| ■ Professional Malpractice | □ Contract | □ Petition for Modification of Magistrate Sentence |
| □ Personal Injury | □ Real Property | □ Miscellaneous Civil |
| □ Product Liability | □ Mental Health | □ Other |
| □ Other Tort | □ Appeal of Administrative Agency | |

III.   JURY DEMAND:   Yes ■      No □

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR)      June 2022

IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITIY OR AGE?
Yes □   No ■

IF YES, PLEASE SPECIFY:
□     Wheelchair accessible hearing room and other facilities
□     Interpreter or other auxiliary aid for the hearing impaired
□     Reader or other auxiliary aid for the speech impaired
□     Spokesperson or other auxiliary aid for the speech impaired
□     Other:

Attorney Name:          Representing:
Firm:                   Plaintiff        □     Defendant        □
Address:                Cross-Complainant □   Cross-Defendant  □

Dated: July 21, 2020

■Pro Se

_Signature_

_Katherine Cappellari, JD, MS_

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**KATHERINE E. CAPPELLARI,**
**a/k/a KAYDE CAPPELLARI ,**
                                   **Plaintiff,**

**v.**                                              Civil Action No:  $20 \text{-} C \text{-} 212$
                                                    Judge:

**BRUCE P. SPARKS,**
**Director of Technology Transfer;**
**WEST VIRGINIA UNIVERSITY**
**RESEARCH CORPORATION; and**
**WEST VIRGINIA UNIVERSITY;**
                                   **Defendants.**

### COMPLAINT

Comes now, the Plaintiff, Katherine E. Cappellari, *pro se*, for her Complaint against

Defendants Bruce P. Sparks, Director of Technology Transfer; West Virginia University; and

West Virginia University Research Corporation states as follows:

1.      Plaintiff brings this action against Defendants because during her employment by

Defendants, she was repeatedly subject to discrimination based on her sex, subjected to

pervasive and persistent racial and sex-based comments, experienced retaliation, subjected to

threats, and constructively fired at the hands of her male supervisor and Director of the

Technology Transfer Office of West Virginia University Research Corporation.

2.      Plaintiff served a notice of intent to bring civil action for damages on or about

June 29, 2020, against the Defendants listed herein on the West Virginia Attorney General; the

Insurance Commissioner; Mr. Alsop Executive Director of West Virginia University Research

Corporation; and Ms. Tiffany Taylor, General Counsel for West Virginia University in

compliance with W.Va. Code §55-17-3.

**FILED**

'JUL 2 8 2020

JEAN FRIEND, CLERK

## **PARTIES**

3.      Plaintiff, Katherine E. Cappellari, an adult female, was at all times relevant hereto a resident of Monongalia County, West Virginia.

4.      Plaintiff, Katherine E. Cappellari, is now a resident of Kanawha County, West Virginia.

5.      Defendant, Bruce P. Sparks (hereinafter referred to as "Defendant Sparks") was at all times relevant hereto employed as the Director of Technology Transfer for West Virginia University Research Corporation.

6.      Defendant Sparks was at all times relevant hereto a resident of Monongalia County, West Virginia.

7.      Defendant West Virginia University Research Corporation (hereinafter referred to as "Defendant WVURC") is the statutorily established affiliated not-profit corporation created to support research at West Virginia University through W.Va. Code §§ 18B-12-1 – 18B-12-10.

8.      Defendant WVURC was Plaintiff's employer at all times relevant hereto.

9.      Defendant WVURC was Defendant Spark's employer at all time relevant hereto.

10.     Defendant WVURC employs at least 12 employees.

11.     Defendant West Virginia University (hereinafter referred to as "Defendant WVU") is a public land-grant educational institution of the State of West Virginia that provides officers for the Board of Directors for the Defendant WVURC as mandated in W.Va. Code §18B-12A-3, as well as legal and human resource support to Defendant WVURC at all times relevant hereto.

12.     Defendant WVU employs at least 12 employees.

## FACTS

13.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14.    Plaintiff was employed by Defendant WVURC from July 2013 until July 2018.

15.    Plaintiff became a member of the Office of Technology Transfer in March 2014 as a Grant Specialist.

16.    Defendant Sparks told Plaintiff that the promise of higher wages during interview would not be followed through on at time of joining the Office of Technology Transfer because he had mis-labeled Plaintiff's position as a "Grant Specialist."

17.    On or about August 2013, Matt Harbaugh was hired in as the Director of the West Virginia Office of Transformation.

18.    The Office of Technology Transfer was moved under the management of the West Virginia University Office of Transformation on or about August 2013.

19.    On or about September 2014, a meeting was held between Mr. Harbaugh and Plaintiff.  During the meeting it was agreed that Plaintiff's title would be changed to Licensing Associate and the promised pay by Defendant Sparks would be provided.

20.    On or about November 2014, a meeting was held between Matt Harbaugh in which he directed Plaintiff to research and development a business plan and office structure for the Office of Technology Transfer.

21.    Plaintiff had several planning meetings concerning the new business plan and office structure for the Office of Technology Transfer with primarily Richard Giersch,

3

Technology Scout for Technology Transfer Office, and sometimes Dr. Gary Morris, Associated

Director of Technology Transfer and Mr. Harbaugh.

22.    On or about July of 2015, Mr. Harbaugh introduced the new office structure to

Defendant Sparks.

23.    On or about July of 2015, Plaintiff was assigned to work with both the Office of

Technology Transfer and the newly developed Health Science Innovation Office.

24.    On or about July of 2015, Plaintiff had a meeting with Defendant Sparks in which

he told her he would not have the Plaintiff working for him. That he would "give up the good

work that you (the Plaintiff) do because having a shared employee never works." He further

stated that he felt the Plaintiff had "gone behind his back" by working on the assignment given to

her by Mr. Harbaugh to get a promotion, and that she "would be sorry".

25.    On or about July 1, 2015 Plaintiff moved officially to the Health Sciences

Innovation Office as the Assistant Director and reported to Mr. Geirsch, who had been named

Director of Health Sciences Innovation Center.

26.    On or about June of 2017, Plaintiff was informed that further office restructuring

was happening and she was to report to Defendant Sparks again effective July 1, 2017.

27.    On or about July 2017, Plaintiff called Defendant Sparks to get clarity on new job

duties. Defendant Sparks told her that she was a "bitch and that everyone knew it," however, if

Plaintiff just did what Defendant Sparks said, Plaintiff would be able to keep her job.

28.    On or about August 14, 2017, Defendant Sparks met with Plaintiff at a Buffalo

Wild Wings restaurant in Morgantown, WV, in official capacity. During this meeting,

Defendant Sparks told Plaintiff that he was working to get rid of Mr. Geirsch, and that if Plaintiff

wanted his job, all she had to do was do what he asked her to do without question. Defendant

Sparks further told Plaintiff that if she went behind his back and talked with anyone about this or did not follow his directions he would "bury" her.

29.    On or about August 2017, Plaintiff reported to Jared Wood, Human Resources Partner in the West Virginia University Human Resources office, Defendant Sparks' behavior of the repeated use of the word bitch in reference to the Plaintiff and of the threat to bury her.

30.    On or about August 2017, Plaintiff had an additional meeting with Jared Wood in which he told her that Defendant Sparks "had to be taken with a grain of salt because he is a good ole boy from southern West Virginia." He further informed the Plaintiff that Defendant Sparks had nothing but good things to say about Plaintiff's work and abilities. However, because of the difficulties between the Plaintiff and Defendant Sparks, Plaintiff would report to Gary Morris, Associate Director of Technology Transfer from then on.

31.    On or about September 2017, Plaintiff had a meeting with Defendant Sparks, Garry Morris, and Jared Wood. This meeting solidified the new reporting structure for the Plaintiff and a demotion from Assistant Director to Licensing Associate for the Plaintiff.

32.    During the next year, Plaintiff had many more duties removed, all at the direction of Defendant Sparks through Gary Morris to ensure that she was kept in the office and not working directly with researchers or potential licensees.

33.    On or about June 2018, Chris Menchini was hired as a Technology Commercialization Specialist at a significantly higher pay rate than the Plaintiff.

34.    On or about July 2018, Plaintiff was informed that she was to train Chris Menchini in all aspects of her job except for the contracting/legal portion.

35.    On or about July 13, 2018, Plaintiff rendered her resignation effective July 31, 2018.

36.    On or about March 2019, Defendant Sparks hired Jim Dottavio, the new Assistant Director at double what the Plaintiff had been making.

## COUNT ONE

### (HOSTILE WORK ENVIRONMENT)

37.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.    During Plaintiff's employment with Defendant WVURC from March 2014, and continuing until Plaintiff was constructively discharged on or about July 31, 2018, Defendant Sparks created a hostile work environment for Plaintiff, in violation of the West Virginia Human Rights Act, West Virginia Code §5-11-1 *et seq.* The following conduct outlined below of Defendant Sparks was unwelcome, was based on the sex of the Plaintiff, was sufficiently persuasive to alter Plaintiff's conditions of employment, and created a hostile work environment; and was imputable to Defendant WVURC by virtue of Defendant Spark's roles as a supervisor; and was imputable to Defendant WVU by virtue of providing human resources and legal guidance to Defendant WVURC:

    a.    using racial slurs and racially based stereotypes when discussing employees of Defendants WVU and WVURC;

    b.    by using derogatory sex-based descriptors towards the Plaintiff and other females;

    c.    by threatening the Plaintiff on multiple occasions stating "You will be sorry." and "If you do that again, I will bury you.";

    d.    retaliating against Plaintiff by demoting and removing several job duties from Plaintiff after she reported issues to upper management and Human Resources;

    e.   by employing a male with no training/experience at a higher pay rate in the same position as Plaintiff and requiring Plaintiff to train him; and

    f.   shortly after Plaintiff's constructive discharge, Defendant Sparks hired a male into the position Plaintiff from which she was demoted at a much higher pay rate.

39.    As a direct and proximate result of Defendant's negligent, reckless, indecent, illegal, and unethical conduct, Plaintiff was constructively discharged from her position at WVURC because she could no longer work in the hostile working conditions.

40.    As further proximate result of the aforementioned conduct, Plaintiff suffered severe and significant damages, including but not limited to, loss of wages past and future, emotional damages, physical illness, mental anguish, embarrassment, psychological damages, humiliation, and the Plaintiff was otherwise injured.

## COUNT TWO

### (HOSTILE WORK ENVIRONMENT – FAILURE TO PROTECT)

41.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.    During Plaintiff's employment with Defendant WVURC from March 2014, and continuing until Plaintiff was constructively discharged on or about July 31, 2018, Defendants WVURC and WVU violated the West Virginia Human Rights Act, *West Virginia Code §5-11-1 et seq.* when they failed to ensure that Plaintiff's workplace was free of racial and sex discrimination by the following means:

    a.   by negligently, recklessly, and intentionally failing to enforce the Defendant WVURC's Supervisor Responsibilities outlined in their Employee Handbook;

b.  by negligently, recklessly, and intentionally failing to enforce Defendant
    WVURC's and Defendant WVU's policy against a hostile work environment;

c.  by negligently, recklessly, and intentionally disregarding the Defendant
    WVURC's and Defendant WVU's policy against discrimination as Equal
    Opportunity Employers.;

d.  by negligently, recklessly, and intentionally retaining an employee who
    discriminated against the Plaintiff based on her sex;

e.  by negligently, recklessly, and intentionally retaining an employee who
    threatened his subordinates; and

f.  by negligently, recklessly, and intentionally retaining an employee who routinely
    practiced retaliation against female employees.

43.    As a direct and proximate result of Defendants' negligent, reckless, indecent,
illegal, and unethical conduct, Plaintiff was constructively discharged from her position at
Defendant WVURC because she could no longer work in the hostile working conditions at
Defendant WVURC.

44.    As a further proximate result of the aforementioned conduct, Plaintiff suffered
severe and significant damages, including but not limited to, lost wages past and future,
emotional damages, physical illness, mental anguish, embarrassment, psychological damages,
humiliation, and the Plaintiff was otherwise injured.

**COUNT THREE**

**(TITLE IX VIOLATIONS)**

8

45.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 44 of this Compliant as if fully set forth herein.

46.     During Plaintiff's employment with Defendant WVURC and continuing after the Plaintiff was constructively discharged on or about on or about July 1, 2018, Defendant Sparks regularly and repeatedly subjected the Plaintiff to extreme and outrageous acts of sexism, disparate treatment, and unequal pay in violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.,* and 34 C.F.R. part 106. The following conduct outlined below by Defendant Sparks was based on the sex of the Plaintiff and was sufficiently pervasive to alter the Plaintiff's conditions of employment and create Title IX violations imputable to Defendants WVURC and WVU by virtue of Defendant Sparks' role as a supervisor:

    a.  routinely asking Plaintiff to provide secretarial and/or administrative support for the office and not the male members in similarly situated positions;

    b.  routinely creating different rules for working remotely for the male and female employees of the office;

    c.  routinely using derogatory slang words to describe the Plaintiff and other women because their sex; and

    d.  by routinely providing higher wages to male employees than female employees with the same skill sets and/or experience.

47.     As a direct and proximate result of Defendant's negligent, reckless, indecent, illegal, and unethical conduct, Plaintiff was constructively discharged from her position at Defendant WVURC because she could no longer work under conditions of the blatant Title IX violations.

9

48.     As a further proximate result of the aforementioned conduct, Plaintiff suffered severe and significant damages, including but not limited to, lost wages past and future, emotional damages, physical illness, mental anguish, embarrassment, psychological damages, humiliation, and the Plaintiff was otherwise injured.

## COUNT FOUR

### (TITLE IX AND EEOC/AFFIRMATIVE ACTION VIOLATIONS)

49.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 48 of this Compliant as if fully set forth herein.

50.     During the Plaintiff's employment with Defendant WVURC, and continuing after the Plaintiff was constrictively discharged, on or about July 1, 2018, Defendants WVURC and WVU failed in their duty as an Equal Opportunity and Affirmative Action Employer and under Title IX.  The following conduct outlined below by Defendants WVU and WVURC shows gross negligence and failure to protect Plaintiff:

    a.  by negligently, intentionally, and recklessly excusing the behavior of Defendant Sparks because "he was a good ole boy from southern West Virginia" and the Plaintiff was told to take what Plaintiff Sparks says and does "with that in mind";

    b.  by intentionally, negligently, and recklessly allowing Defendant Sparks to demote the Plaintiff as an act of retaliation after they were aware of the threats made towards the Plaintiff by Defendant Sparks; and

    c.  by intentionally, negligently, and recklessly allowing Defendant Sparks to create a disparate impact on female employees through unequal pay.

10

51.    As a direct and proximate result of Defendants' negligent, reckless, indecent, illegal, and unethical conduct, Plaintiff was constructively discharged from her position at Defendant WVURC because she could longer work in the hostile working conditions at Defendant WVURC.

52.    As a further proximate result of the aforementioned conduct, Plaintiff suffered severe and significant damages, including but not limited to, loss of wages past and future, emotional damages, physical illness, mental anguish, embarrassment, psychological damages, humiliation, and the Plaintiff was otherwise injured.

**WHEREFORE,** Plaintiff demands judgement against the Defendants due to loss of income and benefits, emotional distress, medical damages, personal injuries, humiliation, embarrassment, loss of capacity to enjoy life, and pain and suffering for which she seeks compensatory damages, court fees and costs, pre-judgment interest, front pay and back pay together with post-judgment interest, punitive damages in an amount to be determine by a jury, and other further relief the Court deems appropriate.

**PLANTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE.**

Respectfully submitted,
Plaintiff, *pro se*

Katherine E. Cappellari, JD, MS
817 Myrtle Road
Charleston, WV 25314
304-419-4900

11

**SUMMONS**

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KATHERINE E. CAPPELLARI
a/k/a KAYDE CAPPELLARI ,
               Plaintiff,

v.
                                Civil Action No: 20-C-212

                                   Judge:

BRUCE P. SPARKS,
Director of Technology Transfer;
WEST VIRGINIA UNIVERSITY
RESEARCH CORPORATION; and
WEST VIRGINIA UNIVERSITY;
               Defendants.

                    **SERVE:**      West Virginia University
                                   Stephanie Taylor, Esq.
                                   886 Chestnut Ridge Road
                                   Post Office Box 6845
                                   Morgantown, WV 26506-6845

To the above-named Defendant:

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon, Katherine Cappellari, JD, MS, whose address is 817 Myrtle Road, Charleston, WV 25314, an answer including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint, and you will be thereafter barred from asserting another action. Any claim you may have must be asserted by counterclaim in the above styled civil action.

DATED: July 28, 2020

                                            _Jean Friend_
                                          CLERK OF COURT
                                       by Susan Trowbridge, deputy

**FOR RETURN**



c/o Bruce Sparks, Director,
Transfer
886 Chestnut Ridge Road
Post Office Box 6845
Morgantown, WV 26506-6845

To the above-named Defendant:

        IN THE NAME OF THE STATE OF WEST VIRGINIA,  you are hereby
summoned and required to serve upon, Katherine Cappellari, JD, MS, whose address is 817
Myrtle Road, Charleston, WV 25314, an answer including any related counterclaim you may
have, to the complaint filed against you in the above styled civil action, a true copy of which is
herewith delivered to you, exclusive of the day of service.  If you fail to do so, judgement by
default will be taken against you for the relief demanded in the complaint, and you will be
thereafter barred from asserting another action.  Any claim you may have must be asserted by
counterclaim in the above styled civil action.

DATED: July 28, 2020

Jean Friend
CLERK OF COURT
by Susan Trowbridge, deputy



SERVE:   West Virginia University
Stephanie Taylor, Esq.
886 Chestnut Ridge Road
Post Office Box 6845
Morgantown, WV 26506-6845

To the above-named Defendant:

       IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon, Katherine Cappellari, JD, MS, whose address is 817 Myrtle Road, Charleston, WV 25314, an answer including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint, and you will be thereafter barred from asserting another action. Any claim you may have must be asserted by counterclaim in the above styled civil action.

DATED: _July 28, 2020_

_Jean Friend_
CLERK OF COURT
_by Susan Trowbridge, deputy_

**FOR RETURN**



Research Corporation
c/o Rob Alsop, Executive Director
886 Chestnut Ridge Road
Post Office Box 6845
Morgantown, WV 26506-6845

To the above-named Defendant:

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon, Katherine Cappellari, JD, MS, whose address is 817 Myrtle Road, Charleston, WV 25314, an answer including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint, and you will be thereafter barred from asserting another action. Any claim you may have must be asserted by counterclaim in the above styled civil action.

DATED: July 28, 2020

_Jean Friend_

CLERK OF COURT

_by Susan Trowbridge, deputy_

# FOR RETURN